FILED
10/13/2021 6:37 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

Case 3:21-cv-02886-K   Document 1-5   Filed 11/17/21   Page 1 of 46   PageID 15

4 CITS ESERVE

CAUSE NO. _____

DC-21-15161

| | | |
|---|---|---|
| JANSEN MANFREDINI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 191st |
| | § | ____ JUDICIAL DISTRICT |
| QUICK TECHNOLOGIES, INC., D/B/A | § | |
| SAGE, DAVID NATINSKY, ERIC | § | |
| NATINSKY, BILLE FORMAN, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW Jansen Manfredini, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, her Original Petition against Quick Technologies, Inc. d/b/a Sage ("SAGE"), David Natinsky ("DN"), Eric Natinsky ("EN") (SAGE, DN, and EN are collectively referred to here as the "Defendants"), and in support thereof would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that discovery in this matter is intended to be conducted in accordance with discovery control plan, Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and Plaintiff hereby moves for the entry of a scheduling order.

### II.
### TRCP 47 STATEMENT

2.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that it is asserting the following causes of action: (a) discrimination and harassment based on sex/pregnancy, in violation of Chapter 21 of the Texas Labor Code; (b) discrimination and

harassment based on sex/pregnancy, in violation of Title VII; (c) discrimination and harassment based on sex/gender, in violation of Chapter 21 of the Texas Labor Code; (d) discrimination and harassment based on sex/gender, in violation of Title VII; (e) retaliation in violation of Chapter 21 of the Texas Labor Code; (f) retaliation in violation of Title VII; (g) interference with leave in violation of 29 U.S.C. § 2615(a); (h) retaliation for applying for leave in violation of 29 U.S.C. § 2615(a); (i) interference with leave in violation of Chapter 21 of the Texas Labor Code; and (j) retaliation for applying for leave in violation of Chapter 21 of the Texas Labor Code.

3.      Plaintiff seeks damages within the jurisdictional limits of this Court.  At this time, Plaintiff also states that she seeks over $1,000,000.00 against Defendants, jointly and severally. Plaintiff further demands judgment for such other and further relief, both general and special, at law and in equity, to which she may show herself to be justly entitled.

### III.
### THE PARTIES

4.      Plaintiff is an individual residing in Dallas County, Texas.

5.      SAGE is a Texas corporation with a principal place of business located at 16301 Quorum Drive, Addison, Texas.  SAGE may be served through its Registered Agent, Eric Natinsky, at (a) 16301 Quorum Drive, Suite 200A, Addison, Texas 75001; or (b) wherever he may be found.

6.      David Natinsky is an individual residing and doing business in the State of Texas, including Dallas County, Texas, and he may be served with process at: (a) 6993 Eldarica Place, Frisco, Texas 75034; or (b) wherever he may be found.

7.      Eric Natinsky is an individual residing and doing business in the State of Texas, including Dallas County, Texas, and he may be served with process at: (a) 7817 Gingers Cove, Austin, Texas 78759; or (b) wherever he may be found.

8.      Bille Forman is an individual residing and doing business in the State of Texas, including Dallas County, Texas, and she may be served with process at:  (a) 9334  Locarno Drive, Dallas, Texas 75243; or (b) wherever she may be found.

## IV.
## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action because the events giving rise to the action took place in Texas and the amount in controversy is within the jurisdictional limits of this Court.

10.     This Court has personal jurisdiction over Defendants because: (a) SAGE is a Texas corporation doing business in the State of Texas; (b) David Natinsky is an individual residing and doing business in the State of Texas; (c) Eric Natinsky is an individual residing and doing business in the State of Texas; (d) Bille Forman is an individual residing and doing business in the State of Texas; and (e) this suit concerns acts or omissions of Defendants in the State of Texas.

11.     Venue is proper in Dallas County, Texas pursuant to Sections 15.002(a)(1) and 15.002(a)(3) of the Texas Civil Practice and Remedies Code because (1) all or a substantial part of the events or omissions giving rise to the claims occurred within Dallas County, Texas; and/or (2) the principal office of SAGE is located in Dallas County, Texas.

## V.
## FACTUAL BACKGROUND

12.     SAGE provides marketing and information technology services to companies across various industries.

13.     Plaintiff began employment with SAGE as a Marketing Manager on or about February 21, 2013.

14.     During her tenure with SAGE, Plaintiff advanced in both position and salary.  In fact, at the time of her improper termination, Plaintiff had advanced to the position of Senior Marketing Manager, and her annual salary was nearly 50% higher than at the time of her hire.

15.     Moreover, Plaintiff received consistently high ratings for her performance each year of her employment with SAGE.

16.     Plaintiff was supervised by Bille Forman. Ms. Forman exercised the right to issue discipline against Plaintiff and affect the terms and conditions of Plaintiff's employment.

17.     DN is a co-owner of SAGE and serves as its President.  As President, DN exercised the right to issue discipline against Plaintiff and affect the terms and conditions of Plaintiff's employment.

18.     EN is a co-owner of SAGE and serves as its CEO. As CEO, EN exercised the right to issue discipline against Plaintiff and affect the terms and conditions of Plaintiff's employment.

19.     Plaintiff became pregnant with her first child in 2018.  In the latter part of January 2019, Plaintiff was approached by SAGE's Director of Marketing, Bille Forman, who unexpectedly asked Plaintiff about her post-partum work plans, including but not limited to maternity leave and/or Family and Medical Leave Act ("FMLA") leave.

20.     Plaintiff indicated to Ms. Forman that because she was not due until June 2019, and did not know how the birth would go, she could not provide a definitive answer.  However, Plaintiff advised Ms. Forman that she planned to utilize SAGE's maternity leave and the full twelve (12) weeks of unpaid leave under the FMLA in some fashion. Plaintiff also indicated that she intended to return to work full-time, as she loved her job.

21.     Even though Plaintiff fully intended to return in a full-time capacity, to cover all the bases, Plaintiff and Ms. Forman engaged in a "brainstorming" session and discussed possible

alternative work arrangements, including working from home, working part-time, etcetera should Plaintiff need to modify her schedule or work duties after the birth of her child. Ms. Forman assured Plaintiff that she was a "valuable employee of SAGE," and that SAGE would make every effort to keep Plaintiff as an employee.

22.     Ms. Forman indicated that she would speak to SAGE's President, DN, about Plaintiff's plans and report back on the potential salary, and scope of duties, etcetera for any alternative work arrangement. Ms. Forman promised to reconvene after she spoke with DN.

23.     Plaintiff did not hear back from Ms. Forman regarding Plaintiff's post-partum plans and use of the FMLA.

24.     However, on or about February 20, 2019, during the afternoon, Plaintiff walked into the manager's lounge area to eat her lunch. The manager's lounge area is open and available for directors and managers, such as Plaintiff, to use. As she was getting coffee, Plaintiff could hear her name and snippets of a discussion between Ms. Forman and DN regarding her future employment at SAGE (the "February 20, 2019 Conversation").

25.     Plaintiff was not aware that Ms. Forman and DN were meeting that day, and the door to DN's office is not visible from the manager's lounge. As such, Plaintiff was not aware that Ms. Forman and DN were in a "closed-door" meeting when she entered the manager's lounge.

26.     It is also of-note that DN's office shares a wall with the manager's lounge, and his desk and chair are close to the shared wall. DN is also widely known for speaking in a loud voice. As such, Plaintiff was able to not only hear her name, but enough of the February 20, 2019 Conversation that she was able to conclude that DN and Ms. Forman were discussing plans to replace her while she was out on unpaid maternity leave.

27.     As if that was not shocking enough, she overheard them say that they planned to terminate her the day she returned to the office from leave.

28.     Plaintiff heard DN and Ms. Forman discuss two options to carry out their plan to replace her: (1) hire a new manager; or (2) promote two people on Plaintiff's team to share her responsibilities as co-supervisors.

29.     During this discussion, Ms. Forman also made false accusations regarding Plaintiff's job performance, work ethic, and contributions to the team, including but not limited to making comments that she was "worthless" to the team and that she showcased "entitlement" by asking about alternative work options after giving birth to her first child.

30.     Plaintiff was unaware that Ms. Forman had current or outstanding issues with Plaintiff's performance as any past issues were discussed between Plaintiff and Ms. Forman, Plaintiff had no disciplinary record, and her performance reviews were positive.[1]  Moreover, it was apparent to Plaintiff that DN was unaware of any performance issues because as she listened, Plaintiff heard DN ask Ms. Forman why, if Plaintiff was "worthless, why was she still employed?"

31.     Plaintiff was, obviously, shocked, hurt, and scared for her job. In order to defend herself from this unwarranted attack, approximately an hour after overhearing the February 20, 2019 Conversation, Plaintiff approached DN to discuss what she heard (the "DN Conversation").

32.     Plaintiff decided to approach DN, in part, because not long before February 20, 2019, DN announced to staff that he had an "open door," and wanted employees "to share their concerns with him" without feeling the need to follow a strict chain of command.  Plaintiff recalls that DN's "open door" announcement was made in close proximity to February 20, 2019 because

---

[1] Not only had Plaintiff progressed through the management ranks within SAGE, but she also received multiple e-mails and text messages from team members praising her managerial skills, as well as receiving multiple accolades of praise for her work at SAGE from management, including Ms. Forman.

it was an unusual and uncharacteristic statement of DN.  Before that time, DN had not actively encouraged employees to speak to him before first moving up the supervisory reporting structure, nor announced that he had an "open door" policy. As such, it immediately entered Plaintiff's mind that DN would be open to a discussion.

33.     Plaintiff's intent in approaching DN was to express her concerns regarding the false accusations made by Ms. Forman, and save her job.  During the DN Conversation, Plaintiff indicated to DN that she believed these actions were being directed at her because of her pregnancy and that her rights were being violated.  DN stated that, although listening to his discussion with Ms. Forman was not an "ideal" thing to do, he would have done the same thing if he were in her situation.  In fact, he thanked Plaintiff for coming to him, and assured her that Ms. Forman's comments "went in one ear and out the other" and that the "marketing department has turned around" in a positive way.

34.     It appeared to Plaintiff that DN was fine with the situation because he proceeded to provide Plaintiff with three "suggestions" for continuing to work under Ms. Forman.

35.     However, the first two suggestions were nearly as shocking as the comments that she would be fired the day she returned from maternity leave.  First, DN suggested that the two girls go have drinks, but then mocked the fact that due to her pregnancy, Plaintiff could not drink. Second, he suggested that the Plaintiff and Ms. Forman, because they were "girls," should engage in a "cat fight" in the parking lot.  DN's final suggestion was that Ms. Forman and Plaintiff should engage in a discussion in the presence of the Operations Director, Shannon Wong.

36.     At the end of the DN Conversation, DN assured Plaintiff that there was nothing to worry about and even thanked her for coming to talk to him.  He finished by informing Plaintiff that he did not want to lose either Plaintiff or Ms. Forman.

37.     Based on information and belief, on February 20, 2019, DN discussed Plaintiff's actions with EN. Together they determined her actions were "misconduct" in violation of SAGE's policies.

38.     EN did not contact Plaintiff to learn her version of the situation; nor, based on information and belief, did DN ask EN to do so.

39.     Instead, on February 21, 2019, at a regularly scheduled company meeting, SAGE's directors were asked to vote on Plaintiff's termination (the "Director's Meeting"). No director was made privy to Plaintiff's version of the facts, as she was not in attendance at the Director's Meeting.

40.     After the meeting, again on or about February 21, 2019, DN verbally terminated Plaintiff's employment with SAGE. In the formal notice of termination, signed by Ms. Forman, Plaintiff was informed, for the first time, that she was being terminated due to "misconduct of deliberately listening in to a private conversation between a director and president of the company during a closed-door meeting" (the "Reason for Termination").

41.     SAGE possesses no policy prohibiting "eavesdropping" or "overhearing" a conversation that may plainly be heard in a common area.  SAGE certainly has no policy prohibiting an employee from listening to a conversation in which the employee is being discussed.

42.     Moreover, during her tenure, Plaintiff witnessed different treatment for males.  For example, in or around 2014, Greg Stock (a male) acted inappropriately and aggressively toward Plaintiff many times while under Plaintiff's supervision. SAGE gave Mr. Stock multiple chances to improve.  In fact, on one occasion, as Plaintiff tried to get Mr. Stock's attention, he screamed "WHAT DO YOU WANT?" at Plaintiff.  Plaintiff calmly responded that she simply wanted to discuss the project they were working on together, and he yelled "I don't have to listen to you,"

threw his headphones on his desk, stood up, and walked away.  Mr. Stock received a written warning to his file after that incident.

43.     In or around January 2019, Nick Bridwell (a male) submitted a complaint to the Director of Operations, Shannon Wong, Human Resources, against Plaintiff.  Ms. Wong wrote-up Plaintiff based solely on Mr. Bridwell's complaint, and never reached out to Plaintiff to investigate the validity of the complaint, or to obtain Plaintiff's side of the story before issuing the write-up.

44.     Conversely, Plaintiff submitted a complaint against Mr. Bridwell for his aggressive behavior towards Plaintiff.  Nothing was done.  Plaintiff submitted a second complaint based on aggressive behavior; again, no action was taken and no reprimand and/or write-up was issued.  It was not until Plaintiff's third complaint about Mr. Bridwell's aggressive behavior toward Plaintiff that Ms. Forman held a meeting with Plaintiff, Mr. Bridwell and herself.  During that meeting, Mr. Bridwell lost his temper and started yelling at Plaintiff.  His behavior was so aggressive that Ms. Forman became scared and asked Mr. Bridwell to leave the room.  Yet, despite such behavior, which violates SAGE's policy prohibiting aggressive and/or threatening behavior, Mr. Bridwell did not receive any discipline other than a performance improvement plan.

45.     Additionally, James Wilson (a male) was well-known for regularly reporting late for work. Moreover, on more than two (2) occasions, Plaintiff is aware that Mr. Wilson reported for work intoxicated.  Mr. Wilson was eventually terminated, but for continued lateness.  Based on information and belief, Mr. Wilson was not terminated because he reported to work intoxicated; a violation of SAGE's policies.

46.     Moreover, Kris Jones (a male) engaged in a physical altercation with another SAGE employee during a trade show in Las Vegas, SAGE's biggest show of the year.  Mr. Jones also showed up late to that trade show.  Despite such behavior, which clearly violated SAGE's

employee policies, Mr. Jones was sent home early from the trade show and allowed to report back to the office in Irving. In short, Mr. Wilson was not terminated and kept his position with SAGE.

47. Notably, upon her improper termination, Plaintiff was replaced by a male, Gage Chariton.

## VI.
## CAUSES OF ACTION

48. ***Alternative Pleadings***. To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### Count One:
### Violation of Chapter 21 of the Texas Labor Code:
### Discrimination and Harassment based on Sex/Pregnancy
### (Against Defendant SAGE)

49. To the extent necessary, Paragraphs 1 through 48 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

50. Through its unequal treatment as stated above, SAGE violated §§ 21.051 and 21.106 of the Texas Labor Code.

51. Plaintiff was pregnant and qualified for her position at the time of her termination on or about February 21, 2019.

52. SAGE was aware that Plaintiff was pregnant as early as November 2018.

53. SAGE discriminated against Plaintiff, in violation of her rights, on the basis of her pregnancy by planning to replace her during her maternity and FMLA leave and terminating her employment her upon her return.

54.     SAGE, through its President DN, discriminated against Plaintiff by making disparaging remarks about her pregnancy and inability to "have a drink" to appease Ms. Forman and suggesting that a girl "cat fight" would settle the discrimination and harassment.

55.     SAGE treated non-pregnant employees more favorably in that they were not terminated for clear violations of the Employee Handbook.

56.     SAGE, and its agents DN, EN, and Ms. Forman, knew, or should have known, that their actions constituted unlawful discrimination, and showed willful and/or reckless disregard for Plaintiff's protected rights.

57.     SAGE is unable to provide any legitimate non-discriminatory reason for terminating Plaintiff's employment.

58.     As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to compensatory and liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Two:**
**Violation of Title VII of the Civil Rights Act of 1964:**
**As amended by The Pregnancy Discrimination Act of 1978**
**(Against Defendant SAGE)**

59.     To the extent necessary, Paragraphs 1 through 58 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

60.     Plaintiff was pregnant and qualified for her position at the time of her termination on or about February 21, 2019.

61.     SAGE knew Plaintiff was pregnant as early as January 2019.

62.     SAGE violated Plaintiff's rights on the basis of her pregnancy by planning for her termination upon her return from maternity leave.

63.     SAGE violated Title VII, as amended by the Pregnancy Discrimination Act of 1978, when the DN made disparaging remarks about Plaintiff's pregnancy and inability to "have a drink" as a way to appease Ms. Forman.

64.     SAGE treated non-pregnant employees more favorably in that they were not terminated for violations of the Employee Handbook.

65.     SAGE knew, or should have known, that its actions constituted unlawful discrimination, and showed willful and/or reckless disregard for Plaintiff's protected rights.

66.     SAGE is unable to provide any legitimate non-discriminatory reason for terminating Plaintiff's employment.

67.     As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to compensatory and liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Three:**
**Violation of Chapter 21 of the Texas Labor Code:**
**Discrimination and Harassment based on Sex/Gender**
**(Against Defendant SAGE)**

68.     To the extent necessary, Paragraphs 1 through 67 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

69.     Through its unequal treatment as stated above, SAGE violated §§ 21.051 and 21.106 of the Texas Labor Code.

70.     Plaintiff is a female and qualified for her position at the time of her termination on or about February 21, 2019.

71.     SAGE discriminated against Plaintiff, in violation of her rights, on the basis of her gender, by terminating her employment for alleged violations of the Employee Handbook, when males were treated more favorably.

72.     SAGE, through its President DN, discriminated against Plaintiff by making disparaging remarks about females and suggesting that if she just had "a drink" to appease Ms. Forman, the issues would resolve or suggesting that a girl "cat fight" would settle the discrimination and harassment.

73.     SAGE treated male employees more favorably in that they were not terminated for clear violations of the Employee Handbook.

74.     SAGE, and its agents DN, EN, and Ms. Forman, knew, or should have known, that their actions constituted unlawful discrimination, and showed willful and/or reckless disregard for Plaintiff's protected rights.

75.     SAGE is unable to provide any legitimate non-discriminatory reason for terminating Plaintiff's employment.

76.     As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to compensatory and liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Four:**
**Violation of Title VII of the Civil Rights Act of 1964:**
**Sex/Gender Discrimination**
**(Against Defendant SAGE)**

77.     To the extent necessary, Paragraphs 1 through 76 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

78.     Plaintiff is a female and was qualified her position at the time of her termination on or about February 21, 2019.

79.     SAGE violated Plaintiff's rights, on the basis of her gender, by treating her differently than male employees.

80.     SAGE, through its President DN, discriminated against Plaintiff by making disparaging remarks about females and suggesting that if she just had "a drink" to appease Ms. Forman, the issues would resolve or suggesting that a girl "cat fight" would settle the discrimination and harassment

81.     SAGE treated male employees more favorably in that they were not terminated for violations of the Employee Handbook.

82.     SAGE knew, or should have known, that its actions constituted unlawful discrimination, and showed willful and/or reckless disregard for Plaintiff's protected rights.

83.     SAGE is unable to provide any legitimate non-discriminatory reason for terminating Plaintiff's employment.

84.     As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to compensatory and liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Five:**
**Violation of Chapter 21 of the Texas Labor Code:**
**Retaliation**
**(Against Defendant SAGE)**

85.     To the extent necessary, Paragraphs 1 through 84 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

86.     SAGE violated Chapter 21.055 of the Texas Labor Code by retaliating against Plaintiff for availing herself of her protected rights to the DN.

87.     Plaintiff was pregnant and qualified for her position at the time of her termination on or about February 21, 2019.

88.     On February 20, 2019, Plaintiff engaged in protected activity when she informed DN, that she overheard the plan to terminate her employment in an attempt to refute Ms. Forman's claims that Plaintiff's performance was sub-par.

89.     Despite assuring Plaintiff that her job was secure on February 20, 2019, DN terminated Plaintiff the very next day.

90.     SAGE's proffered Reason for Termination, eavesdropping, is pretextual and baseless.  SAGE had no policy prohibiting Plaintiff's actions, which included but was not limited to listening to a conversation in an open space, which involved Plaintiff.   Moreover, SAGE certainly had no policy prohibiting an employee from refuting a supervisor's claims that an employee's performance was at issue.

91.     The true reason Plaintiff was terminated was because she was pregnant and planned to avail herself of SAGE's maternity leave and the full twelve (12) weeks of unpaid leave under the FMLA.

92.     SAGE knew or should have known that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

93.     Additionally or alternatively, such conduct by SAGE is an impermissible form of retaliation against Plaintiff because it was based upon Plaintiff's exercise of her rights to engage in a protected activity, including but not limited to Plaintiff's attempt to discuss the plan for her

termination and refute Ms. Forman's allegations of non-performance with the President of SAGE. Retaliation of this nature is prohibited by Chapter 21 of the Texas Labor Code.

94.     Plaintiff opposed a discriminatory practice, namely speaking and/or reporting to the President of SAGE that she felt her rights as a pregnant individual were being violated.  As a result of Plaintiff's protected activity, SAGE terminated Plaintiff's employment in retaliation.

95.     SAGE has not, and is unable to provide, any non-discriminatory reason for its actions.

96.     As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Six:**
**Violation of Title VII of the Civil Rights Act of 1964,**
**as amended by the Pregnancy Discrimination Act of 1978:**
**Retaliation for Reporting Discrimination based on Plaintiff's Pregnancy**
**(Against Defendant SAGE)**

97.     To the extent necessary, Paragraphs 1 through 96 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

98.     Plaintiff was pregnant and qualified for her position at the time of her termination on or about February 21, 2019.

99.     On February 20, 2019, Plaintiff engaged in protected activity when she informed the DN, that she overheard his plan to terminate her employment and refute Ms. Forman's claims that Plaintiff's performance was sub-par.

100.    Despite assuring Plaintiff that her job was not in jeopardy on February 20, 2019, DN terminated Plaintiff the very next day.

101.    SAGE's proffered Reason for Termination, eavesdropping, is pretextual and baseless.  SAGE had no policy prohibiting Plaintiff's actions, which included but was not limited to listening to a conversation in an open space, which involved Plaintiff, and certainly had no policy prohibiting refuting a supervisor's claims that an employee's performance was at issue.

102.    The true Reason for Termination was because Plaintiff was pregnant and planned to avail herself of SAGE's maternity leave and the full twelve (12) weeks of unpaid leave under the Family Medical Leave Act.

103.    SAGE knew or should have known that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

104.    Additionally or alternatively, such conduct by SAGE is an impermissible form of retaliation against Plaintiff because it was based upon Plaintiff's exercise of her rights to engage in a protected activity, including but not limited to Plaintiff's attempt to discuss the plan for her termination and refute Ms. Forman's allegations of non-performance with the President of SAGE< DN. Retaliation of this nature is prohibited by Title VII.

105.    Plaintiff engaged in activity protected under Title VII, namely speaking and/or reporting to the President of SAGE, DN, that she felt her rights were being violated.  As a result of Plaintiff's protected activity, SAGE terminated Plaintiff's employment in retaliation.

106.    SAGE has not, and is unable to provide, any non-discriminatory reason for their actions.

107.    As a direct and proximate result of SAGE's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to compensatory and liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Seven:**
**Interference in Violation of the Family and Medical Leave Act**
**29 U.S.C. § 2615(a)(1)**
**(Against all Defendants)**

108.     To the extent necessary, Paragraphs 1 through 107 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

109.     SAGE is subject to the Family and Medical Leave Act ("FMLA") as it is a private business that employs more than 50 employees.

110.     DN is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

111.     EN is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

112.     Ms. Forman is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

113.     Plaintiff was eligible for FMLA leave at the time of her termination because she had been employed for more than 12 months and worked more than 1,250 hours during the 12-month period prior to her termination.

114.     Plaintiff discussed FMLA leave with Ms. Forman and applied for and was approved to take leave under the FMLA in conjunction with her pregnancy.

115.     Plaintiff and Ms. Forman discussed various ways in which Plaintiff may use her FMLA leave for returning to work post-partum.  For example, instead of remaining on leave "full time," Plaintiff and Ms. Forman discussed combining a period of full time leave with a transition back to full-time work using intermittent FMLA leave, as allowed under the law.

116.     Plaintiff's legal options were used as weapons when Ms. Forman discussed with DN "what to do with" the "entitled" Plaintiff on or about February 20, 2019, and then proceeded to engage in a plan to terminate her upon her return from FMLA.

117.     Defendants engaged in prohibited conduct under the FMLA by interfering with, restraining, and/or denying Plaintiff her rights provided under the FMLA by denying her the benefit of twelve (12) weeks of job-protected leave to care for her newborn child and return to work thereafter.

118.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## Count Eight:
### Retaliation in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(2)
### (Against all Defendants)

119.     To the extent necessary, Paragraphs 1 through 118 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

120.     Plaintiff exercised her rights by applying to take FMLA leave from her job after the birth of her child. Plaintiff also exercised her rights by discussing her plans for FMLA leave with Ms. Forman.

121.     DN is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

122.     EN is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

123.     Ms. Forman is subject to individual liability as an "employer" pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) as he is "a person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;" and independently holds the right to exercise control over any work situation, including Plaintiff's termination.

124.     Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of in this petition.

125.     Plaintiff suffered an adverse job action through her termination from SAGE on or about February 21, 2019.

126.     This adverse job action occurred one day after she attempted to defend herself against Ms. Forman's unfair and unfounded attack, and less than two (2) months after she discussed her plans for FMLA and maternity leave with Ms. Forman.

127.     Defendants' Reason for Termination of Plaintiff is pretextual and baseless.  The true reason Defendants' terminated Plaintiff is because she complained of discrimination, including FMLA discrimination.

128.     Defendants' conduct, as laid out herein, constitutes unlawful retaliation in violation of Plaintiff's rights under 29 U.S.C. § 2615(a).

129.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Nine:**
**Violation of Chapter 21 of the Texas Labor Code**
**FMLA Interference**
**(Against all Defendants)**

130.     To the extent necessary, Paragraphs 1 through 129 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

131.     Texas employers are subject to the FMLA, which is adopted as written, and enforced pursuant to Sections 21.051 and 21.106 of the Texas Labor Code.

132.     Plaintiff was eligible for FMLA leave at the time of her termination because she has been employed for more than 12 months and worked more than 1,250 hours during the 12-month period prior to her termination.

133.     Plaintiff had discussed FMLA leave with Ms. Forman, and applied for and was approved to take leave under the FMLA in conjunction with her pregnancy.

134.     Moreover, Plaintiff and Ms. Forman discussed various ways in which Plaintiff may use her FMLA leave for returning to work post-partum.  For example, instead of remaining on leave "full-time," Plaintiff and Ms. Forman discussed combining a period of full time leave with a transition back to full time work using intermittent FMLA leave, as allowed under the law.

135.    Plaintiff's legal options were used as weapons when Ms. Forman discussed with DN "what to do with" the "entitled" Plaintiff on or about February 20, 2019, and then proceeded to engage in a plan to terminate her upon her return from FMLA.

136.    Defendants engaged in prohibited conduct, as stated herein, by interfering with, restraining, and/or denying Plaintiff her rights provided under the FMLA by denying her the benefit of twelve (12) weeks of job-protected leave to care for her newborn child and return to work thereafter.

137.    As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

**Count Ten:**
**Violation of Chapter 21 of the Texas Labor Code**
**FMLA Retaliation**
**(Against all Defendants)**

138.    To the extent necessary, Paragraphs 1 through 137 of this Petition are hereby referenced and fully incorporated herein by this specific reference, as though fully set forth herein.

139.    Texas employers are subject to the FMLA, which is adopted as written, and enforced pursuant to Sections 21.055 and 21.106 of the Texas Labor Code.

140.    Plaintiff exercised her rights by applying to take FMLA leave from her job after the birth of her child. Plaintiff also exercised her rights by discussing her plans for FMLA leave with Ms. Forman.

141.    Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of in this petition.

142.     Plaintiff suffered an adverse job action through her termination from SAGE on or about February 21, 2019.

143.     This adverse job action occurred one day after she attempted to defend herself against Ms. Forman's unfair and unfounded attack, and less than two (2) months after she discussed her plans for FMLA and maternity leave with Ms. Forman.

144.     Defendants' Reason for Termination of Plaintiff is pretextual and baseless.  The true reason Defendants' terminated Plaintiff is because she complained of discrimination, including FMLA discrimination.

145.     Defendants' conduct, as laid out herein, constitutes unlawful retaliation in violation of Plaintiff's rights under 29 U.S.C. § 2615(a).

146.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## VII.
## CONDITIONS PRECEDNT

147.     All conditions precedent to Plaintiff's right to relief sought herein have been performed, have occurred, and/or have been waived.

## VIII.
## REQUESTED RELIEF

148.     To the extent necessary, each of the claims set forth below are pleaded in the alternative.

149.     **Actual and/or Economic Damages.**  Plaintiff seeks to recover from Defendants, jointly and severally: (a) all of her actual and/or economic damages based on Defendants'

discrimination, retaliation, and interference, including back and front pay in an amount in excess of the minimum jurisdictional limits of this Court.

150.  **Statutory Damages.**  Plaintiff also seeks to recover from Defendants, jointly and severally, exemplary and/or punitive damages for their wrongful conduct damages, for a knowing or intentional violation of Title VII, Chapter 21 of the Texas Labor Code, and the FMLA.

151.  **Nominal Damages.**  Plaintiff seeks to recover any and all nominal damages from Defendants, jointly and severally, which may be available under law and/or in equity.

152.  **Equitable Relief.**  Additionally and/or alternatively, Plaintiff seeks all equitable relief available.

## IX.
## ATTORNEYS' FEES AND COSTS

153.  Plaintiff has retained The Michael Kim Law Firm, PLLC to represent her in connection with this matter, and Plaintiff has agreed to pay for such reasonable and necessary services.  To the extent recoverable, Plaintiff seeks to recover all of her attorneys' fees and costs incurred in bringing this suit and in all appeals of this suit from Defendants, as permitted by law or in equity, and/or pursuant to 42 U.S.C. §§ 2000e-5(k) and 12205 and/or TEX. LABOR CODE § 21.259.

154.  Plaintiff also seeks to recover from Defendants all costs of court and all recoverable or taxable costs. Also, pursuant to 42 U.S.C. § 2000e-5(k) and/or TEX. LABOR CODE § 21.259, Plaintiff seeks to recover any and all expert fees, which she incurs and/or may incur in bringing this suit.

## X.
## NOTICE OF INTENT TO USE DISCOVERY

155.  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff files and

serves this, its Notice of Intent to Use Discovery against Defendants. By and through this notice, Plaintiff hereby gives actual notice to Defendants that she intends to use any and all documents and tangible things produced by Defendants against Defendants in all pre-trial proceedings and at the time of trial in this case.

## XI.
## DEMAND FOR JURY TRIAL

156.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial and will tender the requisite fee.

## XII.
## REQUEST FOR DISCLOSURE

157.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose the information and material set forth in and required by Rule 194.2(b)(1)-(12) of the Texas Rules of Civil Procedure. Defendants are directed to serve their respective disclosure responses to the undersigned counsel within the time prescribed by the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, the Court enter a judgment:

(1)    any and all actual and/or economic damages resulting from the conduct complained of herein, as set forth above;

(2)    statutory damages to the extent permitted by law, including but not limited to, damages for violations of Section 21.004 of the Texas Labor Code;

(3)    any and all nominal damages resulting from the conduct complained of herein, as set forth above;

(4)    any and all equitable and compensatory relief requested herein to the extent permitted by law;

(5)    reasonable and necessary attorneys' fees and court costs;

(6)     any and all recoverable or taxable costs;

(7)     pre- and post-judgment interest as allowed by common law and statute; and

(8)     such other and further relief, both general and special, at law and in equity, to which
         she may show herself to be justly entitled.

Respectfully submitted,

_____

Michael Y. Kim
State Bar No. 24039960
mkim@mkimlegal.com
Ericha Ramsey Brown
State Bar No. 24051952
erbrown@mkimlegal.com
Monica L. Narvaez
State Bar No. 24088113
mnarvaez@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
4236 W. Lovers Lane
Dallas, Texas 75209
(214) 357-7533
(214) 357-7531 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Eduardo Garza on behalf of Eduardo Garza
Bar No. 24120843
egarza@mkimlegal.com
Envelope ID: 58168036
Status as of 10/15/2021 4:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Eduardo Garza | | egarza@mkimlegal.com | 10/13/2021 6:37:42 PM | SENT |
| Ericha Brown | | erbrown@mkimlegal.com | 10/13/2021 6:37:42 PM | SENT |
| Jordan Ramsey | | jramsey@mkimlegal.com | 10/13/2021 6:37:42 PM | SENT |
| Michael Kim | | mkim@mkimlegal.com | 10/13/2021 6:37:42 PM | SENT |
| Monica Narvaez | | mnarvaez@mkimlegal.com | 10/13/2021 6:37:42 PM | SENT |

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:     QUICK TECHNOLOGIES, INC., D/B/A SAGE
        BY SERVING ITS RGISTERED AGENT, ERIC NATINSKY
        16301 QUORUM DRIVE, SUITE 200A
        ADDISON, TEXAS  75001

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court  **13th day of October, 2021** against

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR  DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-15161**

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS  75209**
**214-357-7533**
mkim@mkimlegal.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

 vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $ _____ | of _____ County, _____ | |
| For Notary | $_____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:     DAVID NATINSKY**
         **6993 ELDARICA PLACE**
         **FRISCO, TEXAS  75034**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court  **13th day of October, 2021** against

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR  DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
         ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-15161**

**JANSEN MANFREDINI**
**vs.**
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS  75209**
**214-357-7533**
mkim@mkimlegal.com

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. :  DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

 vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                       |                |                              |         |
|-----------------------|----------------|------------------------------|---------|
| For serving Citation  | $_____    | _____ |         |
| For mileage           | $ _____   | of _____ County,  | _____ |
| For Notary            | $_____    | By _____  | Deputy  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

Notary Public _____ County _____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **ERIC NATINSKY**
         **7817 GINGERS COVE**
         **AUSTIN, TEXAS  78759**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court  **13th day of October, 2021** against

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR  DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-15161**

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS  75209**
**214-357-7533**
mkim@mkimlegal.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

 vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $ _____ | of _____ County, _____ | | |
| For Notary | $_____ | By _____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

| | ESERVE |
|---|---|
| | CITATION |

To:    **BILLE FORMAN**
       **9334 LOCARNO DRIVE**
       **DALLAS, TEXAS  75243**

**DC-21-15161**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

Said Plaintiff being **JANSEN MANFREDINI**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court  **13th day of October, 2021** against

By:  ANGELA CONEJO, Deputy

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR  DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS  75209**
**214-357-7533**
mkim@mkimlegal.com

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

By_____, Deputy
    ANGELA CONEJO



# OFFICER'S RETURN

Case No. :  DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

 vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of _____ County, _____ |  |
| For Notary | $_____ | By _____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
10/25/2021 1:00 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:** **DAVID NATINSKY**
**6993 ELDARICA PLACE**
**FRISCO, TEXAS 75034**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court **13th day of October, 2021** against

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-15161**

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS 75209**
**214-357-7533**
mkim@mkimlegal.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _____ 20th _____ day of October , 20 21 , at 6:00 o'clock P .M. Executed at 6993 Eldorics Al Frisco, TX 75084

within the County of Denton at 11:41 o'clock N .M. on the 21 day of October ,

20 21 , by delivering to the within named David Natinsky

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|                       |           |                                                          |                                |        |
|-----------------------|-----------|----------------------------------------------------------|--------------------------------|--------|
| For serving Citation  | $ 75.00   |                                                          |                                |        |
| For mileage           | $         | of                                                       | County,                        |        |
| For Notary            | $         | By                                                       | Koaty N.Slas                   | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said John Buford before me this 22 day of October , 20 21 ,

to certify which witness my hand and seal of office.

Notary Public _____ Dallas _____ County TX

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

FILED
10/25/2021 1:03 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:**  **QUICK TECHNOLOGIES, INC., D/B/A SAGE**
**BY SERVING ITS RGISTERED AGENT, ERIC NATINSKY**
**16301 QUORUM DRIVE, SUITE 200A**
**ADDISON, TEXAS  75001**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court **13th day of October, 2021** against

<u>**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**</u>
For Suit, said suit being numbered <u>**DC-21-15161,**</u> the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
            ANGELA CONEJO



**ESERVE**

**CITATION**

**DC-21-15161**

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
**THE MICHAEL KIM LAW FIRM, PLLC**
**4236 W. LOVERS LANE**
**DALLAS, TEXAS  75209**
**214-357-7533**
**mkim@mkimlegal.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the _20th_ day of _October_, 20 _21_ , at _6:00_ o'clock _P_ .M. Executed at _6093 El chico Pl Frisco,Tx 75034_

within the County of _Denton_ at _11:44_ o'clock _A_ .M. on the _21_ day of _October_ ,

20 _21_ , by delivering to the within named _Quick Technologies ,Inc D/B/A Sage by serving its registered agent Eric Litinsky_

_through David Litinsky - owner_

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|   |   |   |   |
|---|---|---|---|
| For serving Citation | $ 75.00 | | |
| For mileage | $ ——— | of _____ County, _____ | |
| For Notary | $ ——— | By _____ 16034 ll.31-2d _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _John Buford Jr_ before me this _22_ day of _October_ , 20 _21_ ,

to certify which witness my hand and seal of office.

_Jacqueline Rendon_

Notary Public _Dallas_ County _TX_

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

FILED
10/27/2021 12:52 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **BILLE FORMAN**
**9334 LOCARNO DRIVE**
**DALLAS, TEXAS 75243**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JANSEN MANFREDINI**

Filed in said Court **13th day of October, 2021** against

**QUICK TECHNOLOGIES, INC., DBA SGE, DAVID NATINSKY, ERIC NATINSKY & BILLE FORMAN**
For Suit, said suit being numbered **DC-21-15161,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **AND REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
ANGELA CONEJO



---

**ESERVE**

**CITATION**

---

**DC-21-15161**

---

**JANSEN MANFREDINI**
vs.
**QUICK TECHNOLOGIES, INC., et al**

ISSUED THIS
**19th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

---

**Attorney for Plaintiff**
**MICHAEL Y. KIM**
THE MICHAEL KIM LAW FIRM, PLLC
**4236 W. LOVERS LANE**
**DALLAS, TEXAS 75209**
**214-357-7533**
mkim@mkimlegal.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-21-15161

Court No.191st District Court

Style: JANSEN MANFREDINI

vs.

QUICK TECHNOLOGIES, INC., et al

Came to hand on the ___22___ day of ___October___, 20 _21_ , at _8:00_ o'clock _A_ .M. Executed at _9334 Loserne Dr. Dallas, TX 78045_

within the County of _Dallas_ at _2:30_ o'clock _P_ .M. on the _22_ day of _October_

20 _21_ , by delivering to the within named _Bille Forman_

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| For serving Citation | $ 75.00 | |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | By __160th 103 Hhd__ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _John Buford_ _Jr_ before me this _25_ day of _October_ , 20 _21_

to certify which witness my hand and seal of office.

Jacqueline Rendon

Notary Public _Dallas_ County _TX_

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

FILED
11/12/2021 10:39 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-21-15161

| | | |
|---|---|---|
| JANSEN MANFREDINI, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY TEXAS |
| | § | |
| QUICK TECHNOLOGIES, INC., D/B/A | § | |
| SAGE, DAVID NATINSKY, ERIC | § | |
| NATINSKY, BILLE FORMAN, | § | |
| | § | 191st JUDICIAL DISTRICT |
| Defendants | § | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendants Quick Technologies, Inc. D/B/A Sage ("QTI" or "Sage"), David Natinsky, Eric Natinsky, and Bille Forman (collectively "Defendants") file this Answer to Plaintiff's Original Petition and Request for Disclosure ("Original Petition").

## **GENERAL DENIAL**

1.     Defendants generally deny each and every allegation and all causes of action in the Original Petition and all subsequent amendments and enters this general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure. Defendants demands strict proof of all allegations made and causes of action asserted by Plaintiff, as required by law.

## **DEFENSES**

2.     Subject to and without waiving the foregoing general denial and without admission that she bears the burden of proof, Defendants asserts the following defenses and affirmative defenses which, individually and in combination, bar Plaintiff's right to recover, in whole or in part, the damages alleged in Plaintiff's Original Petition.

3.     Plaintiff's claims have no basis in fact or law and otherwise fail to state a claim upon which relief may be granted.

4.      Plaintiff's claims are subject to the damage's caps established by Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code. During the period of time in alleged in the Original Petition, QTI's number of employees makes it subject to the statutory damages caps as appropriate.

5.      With respect to any lost wages sought or recovered by Plaintiff, Defendants are entitled to offset amounts earned or received by Plaintiff during the period of time for which such lost wages are calculated.

6.      Plaintiff's claims are barred because any actions Defendants took with regard to Plaintiff would have been taken regardless of any alleged discrimination or retaliation.

7.      Plaintiff's claims are limited by her failure to mitigate her damages.

8.      Defendants did not act with malice or with reckless indifference to the rights of Plaintiff. She is not entitled to recover any punitive or exemplary damages as she has failed to set forth facts sufficient to support a claim for punitive damages. In the alternative, if Defendant is found liable and exemplary or punitive damages are awarded, Defendant pleads all maximum statutory caps.

9.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

10.     Plaintiffs claims against David Natinsky, Eric Natinsky, and Bille Forman are barred because they are not employers of Plaintiff.

11.     Plaintiff has failed to sustain any injury, loss, or damages as a result of any actionable or illegal conduct by Defendants.

12.     Plaintiff's claims are barred because the claims she brings in this lawsuit exceed the scope of those that were administratively exhausted.

13.   Defendants reserve the right to any and all other defenses as may become evident during discovery or any other proceeding in this cause.

## <u>CONCLUSION</u>

For all of the reasons set forth herein, Defendants respectfully pray that Plaintiff take nothing by this suit and that Defendants be provided with such other and further relief to which they may be entitled.

Respectfully submitted,

BOULETTE GOLDEN & MARIN L.L.P.

By:_____*/s/ Laura M. Merritt*_____
       Laura M. Merritt
       State Bar No. 00791252
       laura@boulettegolden.com
       Steven H. Garrett (*pro hac vice application to be filed*)
       State Bar No. 24073473
       steven@boulettegolden.com

BOULETTE GOLDEN & MARIN L.L.P.
2801 Via Fortuna, Suite 530
Austin, Texas 78746
Tel:  512.732.8903
Fax:  512.732.8905

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 12 2021, a true and correct copy of the above and foregoing document was served on the following via *eFile.gov*:

Michael Y. Kim
State Bar No. 24039960
mkim@mkimlegal.com
Ericha Ramsey Brown
State Bar No. 24051952
erbrown@mkimlegal.com
Monica L. Narvaez
State Bar No. 24088113
mnarvaez@mkimlegal.com
**THE MICHAEL KIM LAW FIRM, PLLC**
4236 W. Lovers Lane
Dallas, Texas 75209
(214) 357-7533
(214) 357-7531 Facsimile

ATTORNEYS FOR PLAINTIFF

_____*/s/ Steven H. Garrett*_____
Counsel for Defendant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Adriana Ortiz Viera on behalf of Laura Merritt
Bar No. 791252
adriana@boulettegolden.com
Envelope ID: 59106512
Status as of 11/12/2021 10:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eduardo Garza | | egarza@mkimlegal.com | 11/12/2021 10:39:24 AM | SENT |
| Michael Kim | | mkim@mkimlegal.com | 11/12/2021 10:39:24 AM | SENT |
| Ericha Brown | | erbrown@mkimlegal.com | 11/12/2021 10:39:24 AM | SENT |
| Jordan Ramsey | | jramsey@mkimlegal.com | 11/12/2021 10:39:24 AM | SENT |
| Monica Narvaez | | mnarvaez@mkimlegal.com | 11/12/2021 10:39:24 AM | SENT |
| Adriana Ortiz | | adriana@boulettegolden.com | 11/12/2021 10:39:24 AM | SENT |
| Apryl Randall | | apryl@boulettegolden.com | 11/12/2021 10:39:24 AM | SENT |
| Laura Merritt | | laura@boulettegolden.com | 11/12/2021 10:39:24 AM | SENT |
| Steven H. Garrett | | steven@boulettegolden.com | 11/12/2021 10:39:24 AM | SENT |